UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20275-UNGARO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN FUSCO, | ) |
| a/k/a "Polira," | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Attached, please find a copy of any written statements made by the Defendant.

Enclosed, please find copies of recordings of conversations had by the Defendant.

2. The government is unaware of any oral statements made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent that the government intends to use at trial.

3. The Defendant did not testify before the Grand Jury.

4. The NCIC record of the Defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court. Other items, including additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the

      books, papers, documents, etc., that the government may intend to introduce at trial.

      6.    A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No Defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The Defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. The Defendant was intercepted on several occasions pursuant to a consensual wiretap on a confidential source phone. The recordings and consent forms are attached.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.        The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

            If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant.

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.        At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel.

      The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

      In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is set forth in the indictment.

  The attachments to this response include the contents of a disc labeled "Fusco Production Disc 1" and the contents to be placed on a 1TB hard drive, which has been requested of defense counsel. Further, the government is awaiting defense counsel's response regarding a proposed protective order governing discovery, and will provide these materials upon entry of the order.

        Respectfully submitted,

        BENGAMIN G. GREENBERG
        ACTING UNITED STATES ATTORNEY

  By: */s/ Francisco R. Maderal*
     Francisco R. Maderal
     Assistant United States Attorney
     Fla. Bar No. 41481
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     francisco.maderal@usdoj.gov
     Tel: (305) 961-9169
     Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on May 4, 2017. The attachments were not filed via CM/ECF but will be separately delivered upon entry of a protective order governing discovery.

>  _/s/ Francisco R. Maderal_
>  Francisco R. Maderal