UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20275-CR-UU

UNITED STATES OF AMERICA

vs.

KEVIN FUSCO,
    a/k/a, "POLIRA,"

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and KEVIN FUSCO, a/k/a, "POLIRA," (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to counts 1 and 2 of the Indictment, which counts charge the defendant with: conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i).

2. There are no remaining counts to dismiss.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that: as to count 1, the Court may impose a term of imprisonment of up to 20 years and may impose a term of supervised release of no less than 5 years and up to life, and as to count 2, the Court may impose a term of imprisonment of up to 20 years and may impose a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000, for count 1, and $250,000, for count 2, and may order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment,

the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not

limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (4) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

8. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. As to Count 1, the Office and defendant agree that:

        i. The Base Offense Level under Section 2D1.1(a)(5) is **24**, based upon the amount of drugs sold by the Defendant. The agreed quantity of drugs involved in the offense is 492 grams of MDMA, which is equivalent to 246 kilograms of marijuana.

        ii. Computer Distribution Enhancement: The Defendant should receive a **2** level enhancement based upon his use of an interactive computer service under Section 2D1.1(b)(7).

        iii. Safety-Valve Reduction: The Defendant should receive a **2** level reduction based upon his meeting the safety-valve qualifications under Section 2D1.1(b)(17).

        iv. The Adjusted Offense Level is **24**.

    b.    As to Count 2, the Office and defendant agree that:

        i.    The <u>Base Offense Level</u> under Section 2S1.1(a)(1) is **24**, based upon the defendant's underlying drug trafficking conviction.

        ii.    <u>Money Laundering</u>: The Defendant should receive a **2** level enhancement based upon his § 1956 conviction under Section 2S1.1(b)(2)(B).

        iii.    The <u>Adjusted Offense Level</u> is **26**.

    c.    As to Counts 1 and 2, the Office and defendant agree that:

        i.    Counts 1 and 2 should be grouped as closely related under Section 3D1.2(c), with a resulting group offense level of **26** under Section 3D1.3(a).

        ii.    The <u>Combined Offense Level</u> of Counts 1 and 2 is **26**.

10.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11. The defendant agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense charged in count 1 of the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense. The defendant also agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the offense charged in count 2 of the Indictment, and any property traceable to such property. Such property includes $100,000 in U.S. currency. The defendant agrees to consent to the entry of an order of forfeiture for a forfeiture money judgment in the amount of $100,000 in U.S. currency, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

12. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all assets, including real and personal property, cash, and other monetary instruments, wherever located, which the defendant, or others to the defendant's knowledge, have accumulated as a result of illegal activities, or are forfeitable as substitute assets in the place of assets accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including, but not limited to, those specific real and personal properties and monetary assets set forth in the forfeiture counts of the indictment. Additionally, the defendant agrees to

identify as being subject to forfeiture all such assets, and to assist in the transfer of such property, whether held by the defendant individually or by a third party known to him, to the United States by delivery to this Office all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. The defendant further knowingly and voluntarily: (1) waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, (2) waives any applicable time limits for the initiation of administrative or judicial forfeiture proceedings, (3) waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, and (4) waives any right to appeal the forfeiture.

13. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant

acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

14. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 8/3/17      By: _____

FRANCISCO R. MADERAL
ASSISTANT UNITED STATES ATTORNEY

Date: 8/3/17      By: _____

IAN McDONALD
ATTORNEY FOR DEFENDANT

Date: 8/3/17      By: _____

KEVIN FUSCO
DEFENDANT