UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20275-CR-UU

**UNITED STATES OF AMERICA,**

vs.

**KEVIN C. FUSCO,**

**Defendant.**
_____/

## ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of an Order of Forfeiture for a forfeiture money judgment in the amount of $100,000 in U.S. currency, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised in the premises and based on the United States' Unopposed Motion for Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1. On or about April 20, 2017, a federal grand jury returned an Indictment charging Defendant Kevin C. Fusco (the "Defendant") with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). *See* Indictment, ECF No. 5. The Indictment contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, such violation. *See id.* at 3. In addition, the Indictment alleged that upon conviction of a violation of 18 U.S.C. § 1956, or conspiracy to commit such violation, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.*

2. On August 3, 2017, pursuant to a written Plea Agreement, the Defendant pleaded guilty to Counts 1 and 2 of the Indictment, which charged him with conspiracy to distribute controlled substances and conspiracy to commit money laundering, respectively. *See* Minute Entry, ECF No. 20; Plea Agreement ¶ 1, ECF No. 22; Factual Proffer, ECF No. 23.

3. In his Plea Agreement, the Defendant agreed to forfeit to the United States voluntarily and immediately all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense. Plea Agreement ¶ 11, ECF No. 22. The Defendant also agreed to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the offense charged in Count 2 of the Indictment, and any property traceable to such property. *Id.* Such property includes $100,000 in U.S. currency. *Id.*

4. The Defendant agreed to consent to the entry of an order of forfeiture for a forfeiture money judgment in the amount of $100,000 in U.S. currency, and waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. *Id.* The Defendant admitted and agreed that the conduct described in the Indictment and Factual Proffer provides a sufficient factual basis for the forfeiture sought by the government. *Id.*

5. The Defendant further agreed to assist this Office in all forfeiture proceedings, whether administrative or judicial. *See id.* ¶ 12. He knowingly and voluntarily waived any right to appeal the forfeiture, all defenses to the forfeiture of assets, any applicable time limits, and any claims under the Eighth Amendment of the U.S. Constitution, including any claim of excessive fine. *See id.*

6. In his Factual Proffer, the Defendant stipulated that he laundered and received at least $100,000 in narcotics trafficking proceeds during the conspiracy. Factual Proffer 4, ECF No. 23.

7. Based on the Defendant's guilty plea, Plea Agreement, and Factual Proffer, $100,000 in U.S. currency is the total value of the proceeds derived from Defendant's narcotics trafficking conspiracy charged in Count 1 of the Indictment and the property involved in Defendant's money laundering conspiracy charged in Count 2 of the Indictment. Accordingly, $100,000 in U.S. currency is subject to forfeiture, and may be imposed on the Defendant as a forfeiture money judgment.

**THEREFORE**, the United States' Unopposed Motion for Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment in the sum of $100,000 in U.S. currency is hereby entered against Defendant Kevin C. Fusco;

2. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required as the requested forfeiture consists of only a money judgment;

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Kevin Fusco, and shall be made part of the sentence of the Court and is hereby incorporated by reference in the judgment and commitment order issued in this case;

4. The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceedings related to any third-party petition; and

5. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this 25 day of October, 2017.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:   Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)