**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Cause NO: 1:17-CR-20275-UU

FILED by _PG_ D.C.

**NOV 2 7 2018**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA
        Plaintiff

vs

KEVIN C. FUSCO
        Defendant

### NOTICE TO THE COURT

Attached, Please find, argument currently before United States District court
of Alabama;

For the record, this forum, does not lawfully exist pursuant to the Mandated
Constitutional "Bicameralism" clause, of the United States Constitution.

Defendant, cannot even lawfully approach such a forum, when in fact, and law,
it is not a lawful Article III "established" "inferior" court, for criminal
process.

Submitted this 15th day of October 2018

Kevin C Fusco
Prisoner of War
Unlawfully Detained
Maxwell Airforce Base
Montgomery, AL 36112

CC ECF

--1--

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

MONTGOMERY DIVISION


Frank Pate

David Webb                                    Cause NO(s):  18-cv-839Fusco

Thomas Bowman                                               18-cv-840Pate

Kevin Fusco                                                 18-cv-841Webb

     Petitioners,                                    18-cv-866Bowman


vs.


President Donald Trump, et al.

     Respondents


## RELATED CASES AMENDED PETITIONS

APPEARING now, before the courts, Petitioners, Pate, Webb, Bowman and Fusco, do hereby enter this related Amended petition.

## CONSTITUTIONAL HARMS CLARIFIED

Each Petitioner, stands on the following argument(s) as to Constitutional injuries, bringing about unlawful convictions; out of an abundance of caution, the Petitioners first address their inability to lawfully file a § 2255 Motion with their respective sentencing court(s);

    1) According to § 2255, a **"Prisoner in custody under sentence of a court established by Act of Congress....."** is permitted to file a motion to vacate with such lawful court.

    2) Petitioners allege and provide argument and proof, that each of their respective "sentencing courts" are not lawfully **"established by Act of Congress..."** (See Exhibit A to this petition)

    3) Specifically, the 80th Congress, failed to lawfully "Bicameral" passage of the legislative work, know as "Title 18" (HR 3190); in detail,

--1--

Congress, by failing to provide evidence of their approval, and establishing of the federal Criminal District Court(s), then the records must reflect as they do. No such **establishment of District Criminal courts took place.**

4) Lacking in a lawfully established "Sentencing court" the Petitioners have no effective remedy available to them in any other forum than this one.

5) additionally, any action attempted with the Judicial officer of each Petitoner currently unlawfully sentenced, in reliance on § 2201 or § 1651 Motions, has failed to yield appropriate relief(s).

6) Clearly, the officers who unlawfully "sentenced" Petitioners to imprisonment(s), without being Congressionally established as courts, and Constitutionally supported, violated Petitioners rights on multiple points; any reasonable person would expect such improper conduct(s) to be repeated by the such officers in the event of a "Habeas Petitoin" under 2241, and further, § 2241 requires the District of Detention; this is the Jurisdictional basis of each Petition before this court;

7) Further as to the Constitutionally guaranteed requirement of "standing" being proven, each petitioner relies on the same base argument as prior noted for the records; the District "Court(s)" which unlawfully entered a Judgement of conviction against each Petitioner did so, in direct violation of Article III Judicial Powers "extensions"; specifically, since the United States, on each underlying case, failed to allege, or prove any Constitutionally required "injury in fact" by the Petitioners alleged "criminal conduct", the Judicial Powers of Article III, were never lawfully accessed; any judgment is simply VOID.

8) Petitoners FUSCO, BOWMAN and WEBB, each plead guilty under duress, and fear of lifelong sentences if they took their charges to trial. This is a direct violation of Due Process and Right to Trial protections, as argued by the Supreme Court in MIRANDA v Arizona;

9) Petitioner PATE, took his charges to trial, and the United States failed to produce sufficient evidence to sustain the Wire and Mail fraud charges; the records in his cases further show the 5th Circuit court of appeals, failed to review or affirm any convictions; clearly due to lack of evidence; additionally, NO "Standing" was ever alleged on behalf of the

Plaintiff in the underlying criminal "abstracts"; this does not comport with the Supreme Court holdings on this doctrine of law; (See, Spokeo v Robins 134 S.Ct 1540)

10) This court and the Higher court have long recognized, that in order to lawfully access Article III Judicial powers, the Plaintiff must have experienced an actual injury, particular and personal to the Plaintiff. Third party allegations of injury(S) are not sufficient to sustain "standing" nor receive Federal Judicial relief(s);

11) adding to this, the underlying "criminal courts", do not lawfully exist; any "judicial decrees" do not hold the weight and authority of the United States Constitution and are effectively, "counterfeit".

## RELIEF REQUESTED

Petitioners are requesting an immediate "show cause" order to be submitted to the respective parties in this suit, as named in the certificate of interested parties, and to provide a hearing "forthwith" (no later then 21 days from this date of petitioners requests);

Petitioner are expecting this court to follow the laws and the constitution, as it is written, and provide their Constitutionally protected rights, and provide hearing(s) on these issues, and their immediate release(s) to ensue forthwith.

Submitted on the 12th day of October 2018

Frank Pate

David Webb

Thomas Bowman

Kevin Fusco

EXHIBIT A

EXHIBIT A

## BICAMERALISM CLAUSE VIOLATION

On May 12, 1947, Title 18 was presented to Congress for passage; No record of evidence exists, in fact, showing HR 3190, was presented, was passed with full adherence to the Constitutionally Mandated requirements of Bicameralism, under Article 1, Sec 7. Cl. 2. According to MWAA vs CAAN 115 LED 2D 236, 501 US 252, COngress MUST follow the required steps in presenting for passage any Bill. Citing: "Although Congress must follow the bicamerlism and presentment requirements when taking action that has the pupose of altering the legal rights, duties, and relations of persons outside the legislative branch, Congress has the power to manage its own affairs without complying with the constraints of Article 1, Sec 7, Cl. 2." In further reliance, Petitioner would direct this court to EDWARDS v UNITED STATES 76 LED 1239, 286 US 482, which states that Congress MUST be perfect in its actions: "The spirit of teh Constitution evidently requires the performance of every act necessary to teh enactment and approval of laws to be perfect before the adjournment of Congress."

## EARLIEST CASE LAW CONTROLLING

Petitioner directs this court to the Controlling argument from Supreme Court in teh long standing, FIELD V CLARK, 36 LED, 143 US 649, Citing: "The argument in behalf of the Appellant is, that a Bill, signed by the Speaker of the House of Representatives and by the President of the Senate, presented to and approved by the President of the United States, and delivered by the latter to the Secretary of State, as an act passed by Congress, does not become a law of the United States if it had not in fact been passed by congress." The Court further noted: "in view of  the express requirements of the Constitution, the correctness of this general statement cannot be doubted." Article 1, Sec 7, Cl. 2 in part states: "But in all such cases the Votes of Both Houses shall be determined by yeas and nays, and the names of the Persons voting for and against the Bill shall be entered on the journals of each House respectively."

The Defendant would now refer the Court to Attached "Exhibit A", which is the recently received House Journal of House of Representatives, dated, 12 May, 1947, the alleged date of the alleged passage of HR 3190, known as "Title 18".

Pursuant to Rule 201 in full, of Fed. Rules of Evidence, the Defendant would have the court Judicially Notice the Exhibit A, and most importantly notice no evidence exists of names of persons who voted yea or nay, as required.

                NO AUTHORITY OF PRESIDING OFFICERS TO SIGN OR ATTEST

Further in the Field v Clark case, the Supreme Court makes it very clear that if a bill was not passed, then it is NOT law, even if signed by all parties in a "perfect" enactment. Citing : "There is no authority in the presiding officers of the House of Representatives and the Senate to attest by their signatures, nor the President to approve, nor in the Secretary of State to receive and cause to be published, as a legislative act, any Bill not passed by Congress."  The records under exhaustive review, show, that no such "passage" was evidenced, as is the Constitutionally Mandated requirement(s) of Article 1, Sec 7, Cl.2.  Article 1, Sec 7, Cl. 2 makes it perfectly clear, that no such allowance is afforded.  In other words, lacking in strict adhearence to "express requirements" being followed (Field v Clark as cited), then in fact, lacking in House Journal records showing, to authenticate, that Congress, in a majority of VOTES, evidenced properly with "yeas and nays, and the names of the Persons voting for and against the Bill" and since the Records are void of such Constitutionally Mandated requirements of showing recording of ("Shall be entered on the Journal of each House respectively"), then in fact, we have no Constitutionally "passed" legislation of HR 3190 for presentment. In other words, we have NO VALID LEGAL PASSAGE OF HR3190, to become Public Law - 772 when signed by Harry S. Truman, on 25 June, 1948.  Therefore, since 3231, was/is listed as the Jurisdictional statute for this court, and is clearly not valid, then this court, has no other option yet to recognize such, and dismiss the charges for lacking in jurisdiction over "all crimes against the Laws of the United States."

## REQUIREMENTS OF CONGRESS UPON AN ENACTMENT OF PROPOSED LAW

According to CLARK, the Controlling Case in this argument, the requirements for the "presentment" of legislation are precise and exact;

"According to the theory of our legislation, when a bill has become a law, there must be a record of every material requirement, from its introduction until it becomes a law. And this evidence is found upon the journals of the two houses."

This statement, by the Supreme Court in Clark (relying on People v Strane 35 Ill 121 makes it clear, that lacking in proper Constitutional Procedures, and adherences, a Bill cannot be made a "Law".

further:

"Wanting this obedience to and Compliance with the clearly expressed essential requirements of the Constitution in respect to what is necessary in order for a Bill to become a law, the whole statute is a nullity." See Field v Clark.

Supreme Court case law, further assures us, that when the Passage, lacks in the

"material requirements", we in fact, have a statute(s) that is NULL and VOID.

This is the crux of this argument in this motion. Title 18 USCS § 3231, (Original Jurisdiction Statute) is a NULLITY, due to the lack of the House Journals offering Proof of NAMES of PERSONS voting "FOR and AGAINST" the Bill, known as HR 3190.

## HOUSE SPEAKER AND PRESIDENT PRO TEMPORE SIGNATURES ARE INVALID

In the event, that this court attempts to find a ruling denying this claim, due to the alleged signatures of the officers  of Senate and House, this party would remind this court, that the Supreme Court found the following in Marshall v Clark;

"The signing by the speaker of the House of Representatives, and by the President of the Senate, in open session, of an enrolled bill, is an official attestation by the two Houses of such bill as one that has passed Congress."

The Appellant would remind this court, and note for the records, that it states;

"in open session". An exhaustive review of the records, shows that signatures on record by House and Senate (Speaker and President Pro tempore) were done, after Session ended, and the House adjourned. Sine die. June 19, 1948.

This shows clear evidence on the record, that parties were knowingly in violation of the Marshall Case, and Supreme Court rulings.

Even if the ENACTMENT process (Names of Person voting Yea and Nay), the President Senate, and Speaker of the House offered signatures to attest to a Bill being duly enrolled and "Passed" in conformity of the Madates, and did so, with full knowledg of the Incorrectness of the passage. As evidence by the Journal Records.

4

Further in Field v Clark, the Court made it clear, that unless any contrary

evidence appears, then the Bill "passed Congress" : Citing ;

"It is admitted that an enrolled Act, thus authenticated [open session signature] is sufficient evidence of itself - nothing contrary appearing upon its fact - that it passed Congress."

The records, clearly reveal, that "contrary to" Article 1, Sec 7, Cl. 2 Mandates,

the "names of persons voting for and against the Bill" were not in fact, entered

as Constitutionally Required. ["shall be entered in the House Journals Respectively']

Reliance on any other "evidence" outisde of the Journals, is not supported by existin

Case law, and in fact, FIled v Clark the Suprme Court made is VERY clear, that the

"names of persons voting for and against the Bill shall be entered in both House Journals Respectively"(Art Sec 7, CL. 2)

"But refering only to matters which the Constitution does NOT require to entered on the journals, it is clear that this is not a statutory declara that the journals are the highest evidence of all that occurs in the progress of bus in the respective houses."

This ruling makes it clear, that(1)All Constitutional Mandates must be followed, whe

the Constitutional Mandate is Cleart(as in Section 7, Cl. 2 of Art: 1)  and (2)

the courts must Rely ONLY on th House Journals when dealing with such Constitutional

Mandated "violations" brought forth in challenges by parties.

## RULING PER FIELD

Accordingly, the Highest Court in the United States, made it clear in Field that

when a challenge is brought forth, the court must "take notice of it"  and to also

"inform itself the best way it can, that there is no plea by which its existence (1

can be put in issue and tried as a question of fact."  Clearly relying on the fact

as resented, this court is required to "take notice" of the Challenge to the laws

known under HR 3190, Public Law 80-772, and in reliance of this Countries Higher

Court rulings as noted, find, from the facts, that Title 18 USCS § 3231, was never

Constitutionally Enacted, and is a "nullity" (see Field v Clark) based on the Plea

entered, and the Facts of the record(s) as publically availble and provided.

## MORE RECENT RULINGS IN SUPPORT

In the 2nd Circuit in 2007, Relying on the Supreme Court case, Clinton v

New York, 524 US 417 448, 118 S.CT. 141 L.Ed 2D 399 (1998) as Cited in

One Simple Loan v United States Sec. of Education (2007) 496 F.3d (2nd Cir)

made it clear and evident that "A law has been enacted in conformance with this
constitutional mandate only if (1) a bill containing its exact text was approved
by a majority of the members of the House of Representatives."

The same Circuit, also cited an earlier mention to S.CT INS v Chadha, 462 US 919, 944

77 LED 2D 317, 103 S.CT. 2764 (1983) stating that:

"The fact that a given law or procedure is effecient, convenient, and useful in
facilitating functions of government standing alone, will not save it if it is
contrary to the Constitution. Convenience and efficiency are not the primary objectiv
— or the hallmark — of democratic government."

From the 5th Circuit, the Authors Home Circuit of his Criminal Case, the courts

found in Made in the USA v United States 242 F.3d 1300 on vacate and remand:

"According to the Court, such an action was essentially legislative and should
therefore, be subject to the Constitutional requirements of bicamaral passage by
majority vote and presentment to the President."

The 5th Circuit Court also found:

"Thus although the Court recognized Congress's plenary power to legislate in the
area of immigration, it held that such power was still subject to limitations
included in the text of the Constitution and to judicial review." (in reliance of
the Chadha Court.)

Case laws show a reasonable person, that, lacking in "clear" and precise following

of Constitution Mandates (2nd Cir One Simple Loan relying of Clinton), then,

like in Field, as earlier addressed in this brief, and legislation that "passed"

was(is) in fact, a legal "nullity", and cannot stand.

## TITLE 1 § 106

Under Title 1 § 106, in part, we find that on 30 July, 1947, Congress had a bill

presented to the President for enactment, which in fact, addressed the "passage of

Bills." It states, in part, that any bill "shall be engrossed" and the "shall be

signed by the Clerk of the House" and then it is to be "sent to the other House."

In summary, the passage of any Bill must follow these steps and, of course, the

Constitutional Mandates first. This argument presents that such adherances were not

maintained, constitutionally or statutorily.

SUPREME COURT HOLDINGS

The Supreme court, of the United States, has made many holdings as to the specific and precise requirements of bicameralism and presentment. In Chadha, the court, made it clear that Bicameralism was an "express" requirement :

"But in Chadah, unlike these cases our decision rested on the Constitutions express bicameralism and presentment requirements." As relied on in Printz v United States, 138 LED 2D 914, 521 US 898.

The Court, further stated that when a "bypass" of Article 1§ 7 requirements are made then the Constitution has been violated: "When the executive and the legislative agreed to bypass the Article 1 § 7, requirements of bicameralism and presentment 'the court held that the arrangement violated the Constitution." As relied on in Wellness Intc Network LTD  vs Sharrif.

That Bicameralism is a "finely wrought" process is not in question, in the eyes of the court: "Passing legislation is no easy task. A federal  statute must withstand the "Finely wrought" procedure of bicameralism and presentment." INS v Chadha as relied on in 192 LED 2D 463 US Kimble v Marvel Entnt, LLC

The Court also made it clear, that Legislation is a "precise" process:

"Article I's precise rules of representation, member qualifications, bicameralism and voting procdure make Congress the branch most capable of responsive and delibera ing lawmaking."  See INS v Chadha Supra at 951.

When the Supreme Court of the United States makes such holdings, any lower court has clear and precise law to rely on in its findings on any challenge to Bicarmealism;

The Supreme Court found that bicameralism is a "mandated process" : "But statutory provision-not purposes— go through the process of bicarmerlism and presentment mand: by our Constitution" As relied on in 192 LED 2D 514, US TEX DEP OF HOUS & CONTG AFF. vs. Inclusive C. Project.

and in furthereance of the need of bicameralism, the Court stated "Unilateral actic any single participant in the law-making process is precisely what the Bicameralism Presentment Clauses were designed to prevent." See Clinton v City of New York, 141 2D, 393, 524 US 417. and then in further support;

"It also improperly "delegates" legislative power to itself when it authorizes itself to act without bicameralism and presentment."  See Chada as relied on in 191 LED 2D 153 US DOT vs Am.  and Lastly, the Court found:

"And even more troubling the "preemption-by-silence" rationale virtually amounts t legislation by default, in apparent violation of the Constitutional requirements c bicameralism and presentment."  See 137 LED 2D 852, 520 US 564 Camps Newfound/Owat vs. Harrison.

In closing, the Party offers this following statement for consideration, coming from "The Federalist No 58 at 396" (James Madison)(Jacob E.Cooke 1961)

Madison said: "In all cases where justice or the general good might require new laws to be passed, or active measures to be pursued, the fundamental principle of free government would be reversed. It would no longer be the majority that would rule; the power would be transfered to the minority." (In explaining why 'supermajority' votes were inapropriate for the passage of legislation)

In DC Circuit Court of Appeals, 1996 Ruling on a Presentment Clause challenge; see 110 F.3d 831 Skaggs vs Carle

Chief Judge Edward in Dissent offered the following :

"To determine the meaning of "passed" under the presentment clause, I look to the intent of the Framers of the Constitution, as well as supreme Court precedent construing the clause. This evidence -- along with longstanding traditions underlying our Constitutional democracy -- makes it clear that "passed" means "passed by a majority,"

also Chief Justice Edwards further Opines:

"Although the word "passed" is not defined explicitly, an anaylsis of the framers intent and Supreme Court precedent demonstrate that it means passed by a majority. The majority passage rule is not a malleable default position". It is an unalterable constitutional right."

Further the court stated that the presentment clause: "requires acting in conformity with the express procedures of the Constitution's prescription for legislative action passage by a majority of both Houses and presentment to the President. Id at 958 (emphasis added)" [ When refering to INS v Chadha, also consistent with United State vs Ballin, 144 U.S. 1, 36 L.Ed 321, 12 S. Ct 507 (1892)

In reliance of all the aforementioned case law, Constitutional Law, and Statutory law, the Party simply leaves this court with the following questions:

1) Can you honestly say, by the refcords, that a legislative bill was passed, in complete compliance of Article 1, Sec 7, Cl. 2?;

2) Can you honestly say, from the 12 May 1947 House Journals, WHO were the persons who "voted yea or nay"? ANd how many there were?

Without proper, and precise enactments of Legislation, our country is no better then the tyranny from which we broke away from many years ago. It is lowered down to a nation of only a few, telling the majority what to do. How is that, a free, democractic, society?

Granting to the Petitioner, the requested relief in this motion to the court.

Motion to dimiss ALL Charges against Petitioner GRANTED, due to Consitutionally

Mandated, Article 1, Sec 7, Cl.2 Violations on the Passage of HR 3190 and the

lack of record votes and persons voting, being recorded into the House Journals

of "each House respectively"; Due to such violations, in contrast to the Constitution

we do not know, and will never know, Who the persons were, allegedly passing the

Bill, on 12 May 1947; and further, the future will never know, how many representativ

from how many states, said "yea" to the Criminal Enactment of "laws" on that fateful

day, for the records show, no such evidence of facts, as required, by Law.

The Constitution, is the "Supreme Law" of the land, followed by Congressionally and

properly enacted laws, thru legislation and precise b'iarmeralism. In this argument,

the petitioner has clearly shown, the LAW (of the Constitution) was not, in fact, as

required, followed, on the day of 12 May 1947. Therefor, any enactments of law(s) on

that day, are in fact, Illegal, unalwful, and Unconstitutional, and must be VACATED.


RELIEF REQUSTED

GRANT immediate DISMISSAL of all charges against this Petitioner, as they have

been handed down against him, lacking in Constitutionally mandated, and precisely

followed passages, as is his right, per the United States of America  Constitution,

under Article 1, Sec. 7, Cl. 2.



Submitted this        day  of



Pro Se
9595 W.Quincy Ave
Littleton, CO 80123


9



NATIONAL
ARCHIVES

May 18, 2017

Eric Matthews
#75804-004
Federal Correctional Institution
Englewood/LE
9595 W. Quincy Ave.
Littleton, CO  80123-1159

Dear Mr. Matthews:

Thank you for your recent inquiry concerning pages from the House *Journal* for May 12, 1947. In response, I have enclosed copies of pages 341 through 346.

I hope that this information is of use to you.  Once again, thank you for your interest in the National Archives and Records Administration.

Sincerely,

Jeffery T. Hartley
Librarian
National Archives and Records Administration

NATIONAL ARCHIVES *and*
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001

advertising by means of radio, to the Committee on Interstate and Foreign Commerce.

484. By the SPEAKER: Petition of Los Angeles Irish Society, petitioning consideration of their resolution with reference to furtherance of the principles of self-government and self-determination, consistent with the welfare of the people; to the Committee on Foreign Affairs.

485. Also, petition of members of Townsend Club No. 1, of Boston, Mass., petitioning consideration of their resolution with reference to endorsement of the Townsend plan, H. R. 16; to the Committee on Ways and Means.

486. Also, petition of the delegates from the Townsend Clubs of the Third Congressional District of the State of Florida, petitioning consideration of their resolution with reference to endorsement of the Townsend plan, H. R. 16; to the Committee on Ways and Means.

486. Also, petition of membership of the Crescent City Townsend Club, No. 1, of Florida, petitioning consideration of their resolution with reference to request for enactment of a uniform national insurance program; to the Committee on Ways and Means.

487. Also, petition of members of the Jacksonville Townsend Club, No. 1, petitioning consideration of their resolution with reference to endorsement of the Townsend plan, H. R. 16; to the Committee on Ways and Means.

## MONDAY, MAY 12, 1947

The House was called to order by the Speaker.

The Journal of the proceedings of Friday, May 9, 1947, was read and approved.

### COMMUNICATIONS

Executive and other communications, pursuant to clause 2, rule XXIV, were referred as follows:

671. A letter from the Secretary of War, transmitting a draft of a proposed bill to validate payments heretofore made by disbursing officers of the United States Government covering the cost of shipment of household effects of civilian employees; and for other purposes; to the Committee on the Judiciary.

672. A letter from the Secretary of Commerce, transmitting a draft of a proposed bill to provide for the appointment of one additional Assistant Secretary of Commerce, and for other purposes; to the Committee on Interstate and Foreign Commerce.

673. A letter from the Director, Office of Selective Service Records, transmitting a list of the selective-service registrants of inductible age occupationally deferred by the local boards of the Selective Service System as of March 31, 1947, because of their employment in or under the Federal Government; to the Committee on Armed Services.

674. A letter from the Acting Secretary of the Treasury, transmitting a draft of a proposed bill to integrate certain personnel of the former Bureau of Marine Inspection and Navigation and the Bureau of Customs into the Regular Coast Guard, to establish the permanent commissioned personnel strength of the Coast Guard; and for other purposes; to the Committee on Merchant Marine and Fisheries.

### MESSAGE FROM THE SENATE

A message from the Senate, by Mr. Carrell, one of its clerks, announced that the Senate disagrees to the amendment of the House to the bill (S. 938) entitled "An act to provide for assistance to Greece and Turkey," requests a conference with the House on the disagreeing votes of the two Houses thereon, and appoints Mr. VANDENBERG, Mr. CAPPER, Mr. WILEY, Mr. CONNALLY, and Mr. GEORGE to be the conferees on the part of the Senate.

The message also announced that the President had informed the House that on May 5, 1947, he approved and signed a bill of the Senate of the following title:

S. 591. An act to amend the act of January 5, 1905, to incorporate the American National Red Cross.

### LABOR, FEDERAL SECURITY AGENCY, AND RELATED INDEPENDENT AGENCIES APPROPRIATION BILL

On motion of Mr. KEEFE, by unanimous consent, the bill (H. R. 2700) making appropriations for the Department of Labor, the Federal Security Agency and related independent agencies, for the fiscal year ending June 30, 1948, and for other purposes, with amendments of the Senate thereto, was taken from the Speaker's table.

When, on motion of Mr. KEEFE,

Resolved, That the House disagree to the amendments of the Senate and agree to a conference asked by the Senate on the disagreeing votes of the two Houses thereon.

Thereupon the Speaker announced the appointment of Messrs. KEEFE, H. CARL ANDERSEN, GEORGE SCHWABE, CHURCH, ROONEY, HENDRICKS, and FOGARTY managers on the part of the House at said conference.

Ordered, That the Clerk notify the Senate thereof.

### COMMITTEES GRANTED LEAVE TO SIT

By unanimous consent, committees were granted leave to sit during general debate in the House as follows:

Subcommittee on Public Buildings and Grounds of the Committee on Public Works, for tomorrow;

Committee on Banking and Currency, for today; and

Committee on the Judiciary and its subcommittees, for remainder of week.

### CALL OF THE HOUSE

Mr. HOFFMAN made the point of order that a quorum was not present.

A quorum not being present,

On motion of Mr. HALLECK, a call of the House was ordered.

The doors were closed.

The roll was called.

When the following-named Members failed to answer—

[Roll No. 55]

| | | |
|---|---|---|
| Allen, Calif. | Gallagher | Muhlenberg |
| Barden | Gamble | Nodar |
| Baime, Ky. | Gearhart | Norblad |
| Beall | Gifford | Norrell |
| Bell | Gore | Norton |
| Bender | Granger | O'Hara |
| Bland | Grant, Ind. | O'Toole |
| Blatnik | Gregory | Owens |
| Bloom | Hall | Pace |
| Bolton | Leonard W. | Pfeifer |
| Bradley, Mich. | Hand | Phillips |
| Brophy | Hardy | Ploeser |
| Buckley | Hart | Potts |
| Buffett | Hartley | Powell |
| Buffonde | Hébert | Rabin |
| Butler | Hoffman | Rayfiel |
| Byrne, N. Y. | Hinshaw | Reams |
| Canfield | Javits | Richmann |
| Celler | Johnson, Calif. | Rivers |
| Chapman | Jones, N. C. | Rooney |
| Clemente | Jones, Wash. | St. George |
| Clippinger | Kearns | Schwabe, Mo. |
| Coffin | Keefe | Scoblick |
| Cole, Kans. | Kelley | Scott, Hardie |
| Coudert | Keogh | Scott |
| Cravens | Kerr | Seely-Brown |
| Crow | Kersten, Wis. | Slater |
| Dague | Kilburn | Simpson, Pa. |
| D'Alesandro | King | Smith, Kans. |
| Davis, Ga. | Klein | Snyder |
| Davis, Tenn. | Kunkel | Somers |
| Dawson, Ill. | Lea | Stanley |
| Delaney | Latham | Stockman |
| Donohue | Lee | Stratton |
| Douglas | LeFevre | Sundstrom |
| Drewry | Lemke | Taylor |
| Eaton | McConnell | Thomas, N. J. |
| Ellis | McDowell | Vinson |
| Elsaesser | McGarvey | Vorys |
| Elston | Macy | Welchel |
| Felton | Maloney | West |
| Fellows | Mansfield, Tex. | Wolverton |
| Fernandez | Sacramento | Zimmerman |
| Fisher | Miller, Md. | |
| Fuller | Miller, Nebr. | |
| Fulton | Mitchell | |

Thereupon the Speaker announced that 397 Members had answered to their names, a quorum.

By unanimous consent, further proceedings under the call were dispensed with.

The doors were opened.

### CORRECTION OF ROLL CALL

On motion of Mr. REED of New York, by unanimous consent,

Ordered, That roll call No. 54 be corrected to show him voting in the negative.

### CONSENT CALENDAR

Pursuant to a special order agreed to on May 9, 1947, and to clause 3, rule XIII,

The SPEAKER directed the Consent Calendar to be called.

When,

### BILLS PASSED

The Committee of the Whole House on the State of the Union was discharged from further consideration of bills of the following titles severally, when said bills were severally considered, read twice, ordered to be engrossed and read a third time, were severally read a third time by title and passed:

H. R. 239. A bill to further perfect the consolidation of the Lighthouse Service with the Coast Guard.

H. R. 1179. A bill to aid in defraying the expenses of the Seventeenth Triennial Convention of the World's Woman's Christian Temperance Union to be held in this country in June 1947.

H. R. 1412. A bill to grant to the Arthur Alexander Post, No. 68, the American Legion, of Belzoni, Miss., all of the reversionary interest reserved to the United States in lands conveyed to said post pursuant to act of Congress approved June 22, 1938.

H. R. 1566. A bill to codify and enact into positive law, title 4 of the United States Code, entitled "Flag and Seal, Seat of Government, and the States."

H. R. 1567. A bill to codify and enact into positive law, title 6 of the United States Code, entitled "Official and Penal Bonds."

H. R. 1874. A bill to amend the act entitled "An act to provide that the United States shall aid the States in the construction of rural post roads, and for other purposes," approved July 11, 1916, as amended and supplemented, and for other purposes.

H. R. 2054. A bill to amend the act of April 14, 1930, to provide increased retired pay for certain members of the former Life Saving Service.

H. R. 2084. A bill to codify and enact into positive law, title 9 of the United States Code, entitled "Arbitration."

H. R. 2331. A bill to amend section 20a of the Interstate Commerce Act.

H. R. 2366. A bill to amend paragraph 8 of part VII, Veterans Regulation No. 1 (a), as amended, to authorize an appropriation of $3,000,000 as a revolving fund in lieu of $1,500,000 now authorized, and for other purposes.

H. R. 2573. A bill to authorize the Director of the United States Geological Survey to produce and sell copies of aerial or other photographs and mosaics, and photographic or photostatic reproductions of records, on a reimbursement of appropriations basis.

H. R. 2654. A bill to authorize the Secretary of the Treasury to grant to the mayor and City Council of Baltimore, State of Maryland, a permanent easement for the purpose of installing, maintaining, and servicing a subterranean water main in, on, and across the land of the United States Coast Guard station called Lazaretto depot, Baltimore, Md.

H. R. 3029. A bill to provide for the acquisition of a site and for preparation of plans and specifications for a courthouse to accommodate the United States Court of Appeals for the District of Columbia and the District Court of the United States for the District of Columbia.

Ordered, That the Clerk request the concurrence of the Senate in said bills severally.

The Committee of the Whole House on the State of the Union was discharged from further consideration of bills of the following titles severally, when said bills were severally considered and read twice, the amendments following each were severally agreed to, and the bills, as amended, were severally ordered to be engrossed and read a third time, were severally read a third time by title, and passed:

H. R. 84. A bill to amend the Nationality Act of 1940, as amended.

Page 2, line 2, after "following", insert *sentence at the end of paragraph 1*.

H. R. 1203. A bill to provide compensation to persons performing the duties of postmasters at post offices of fourth class during annual and sick leave of the postmasters.

Page 1, line 9, after "leave", strike out the remainder of line 9 and all of line 10 and insert or *leave without pay*.

H. R. 1237. A bill to regulate the marketing of economic poisons and devices, and for other purposes.

Page 2, line 8, strike out "or weeds".

Page 6, line 10, strike out "instructions" and insert *directions*.

Page 6, line 24, strike out the semicolon and insert : *Provided, That the Secretary may permit the ingredient statement to appear prominently on some other part of the container, if the size or form of the container makes it impracticable to place it on the part of the retail package which is presented or displayed under customary conditions of purchase.*

Page 8, line 5, insert, after "offer to deliver", in *the original unbroken package*.

Page 9, line 16, strike out "a".

Page 14, after line 9, insert:
*e. The Secretary is authorized to cancel the registration of any economic poison at the end of a period of five years following the registration of such economic poison or at the end of any five-year period thereafter, unless the registrant, prior to the expiration of each such five-year period, requests in accordance with regulations issued by the Secretary, that such registration be continued in effect.*

Page 15, line 16, after "Act", insert *and the determination and establishment of suitable names to be used in the ingredient statement.*

Page 16, line 24, strike out "or" and insert *for*.

Page 19, line 25, after "$1,000", insert or *imprisoned for not more than one year, or both such fine and imprisonment.*

Page 24, line 2, after "official", insert *agricultural or other*.

H. R. 1362. A bill to permit certain naval personnel to count all active service rendered under temporary appointments as warrant or commissioned officers in the United States Navy and the United States Naval Reserve, or in the United States Marine Corps and the United States Marine Corps Reserve, for purposes of promotion to commissioned warrant officers in the United States Navy or the United States Marine Corps, respectively.

Page 1, line 4, after "a", insert permanent or.

Page 2, line 4, after "which", insert *permanent or.*

H. R. 1871. A bill to authorize the Secretary of the Navy to appoint, for temporary duty only, officers of the line of the Marine Corps, and for other purposes.

Page 2, line 14, after "trade", strike out remainder of line and all of lines 15, 16, and 17.

H. R. 1565. A bill to codify and enact into positive law, title 1 of the United States Code, entitled "General Provisions."

Page 10, following line 3, strike out "Committee on Revision of the Laws" wherever it appears and insert *Committee on the Judiciary.*

Page 11, line 10, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 12, line 7, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 13, line 9, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 15, line 16, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 16, lines 1 and 2, strike out "Revision of Laws" and insert *the Judiciary.*

Page 16, line 5, after "resolutions", insert *relating to the revision of the laws.*

Page 16, line 7, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 16, line 17, strike out "Revision of Laws" and insert *the Judiciary.*

Page 16, line 22, strike out "Revision of Laws" and insert *the Judiciary.*

Page 17, lines 1 and 2, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 17, line 6, strike out "Revision of the Laws" and insert *the Judiciary.*

Page 18, lines 23 and 24, strike out "Revision of the Laws" and insert *the Judiciary.*

H. R. 2161. A bill relating to institutional on-farm training for veterans.

Page 3, line 6, strike out "the noninstitutional".

Page 3, line 26, strike out "institutional" and insert group *instruction.*

Page 4, line 8, strike out "the noninstitutional".

Page 4, line 17, strike out "institutional" and insert group *instruction.*

Page 5, line 3, strike out "paragraph" and insert *Act.*

Page 5, line 7, after "of the", insert *first.*

H. R. 2237. A bill to correct an error in section 342 (b) (8) of the Nationality Act of 1940, as amended.

Page 1, line 3, strike out all after "amended" and insert to read as follows: *(3) Reasonable fees, with the approval of the Attorney General, in cases where such fees have not been established by law, to cover the cost of furnishing copies, whether certified or uncertified, of any part of the records, or information from the records, of the Service; Such fees shall not exceed a maximum of 25 cents per folio, with a minimum fee of 50 cents for any one such service, in addition to a fee of $1 for any official certification furnished under seal: No such fee shall be required from officers or agencies of the*

*United States or of any State or any sub-division thereof, for such copies or information furnished for official use in connection with the official duties of such officers or agencies.*

H. R. 2253. A bill to authorize the patenting of certain public lands to the State of Montana or to the Board of County Commissioners of Hill County, Mont., for public-park purposes.

Page 3, lines 12 and 13, strike out " (1) that the lands shall be used for park and recreational purposes; (2) ".

Page 3, line 11, strike out all following "provide", and all of line 12 before "that".

Page 3, line 3, after "Interior", strike out the semicolon, insert a period and strike out balance of bill.

*Ordered,* That the Clerk request the concurrence of the Senate in said bills, severally.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill of the Senate (S. 64) granting the consent of Congress for the construction of a dam across Dan River in North Carolina, when said bill was considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 1465) to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes.

When said bill was read by title.

On motion of Mr. Tinkham, by unanimous consent, the Committee on the Judiciary, was discharged from further consideration of the bill of the Senate (S. 132) to relieve collectors of customs of liability for failure to collect certain special tonnage duties and light money, and for other purposes, when said bill was considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 1465, a similar House bill, was laid on the table.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2076) to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for other purposes.

When said bill was read by title.

On motion of Mr. Tinkham, by unanimous consent, the bill of the Senate (S. 273) to limit the time within which the General Accounting Office shall make final settlement of the monthly or quarterly accounts of fiscal officers, and for

other purposes, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 2076, a similar House bill, was laid on the table.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2238) to amend section 327 (h) of the Nationality Act of 1940.

When said bill was read by title.

On motion of Mr. Tinkham, by unanimous consent, the bill of the Senate (S. 460) to amend section 327 (h) of the Nationality Act of 1940, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 2238, a similar House bill, was laid on the table.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 1999) to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services.

When said bill was read by title.

On motion of Mr. Tinkham, by unanimous consent, the bill of the Senate (S. 634) to authorize additional allowances of good time and the payment of compensation to prison inmates performing exceptionally meritorious or outstanding services, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent the bill H. R. 1999, a similar House bill, was laid on the table.

The bill (H. R. 197) to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project was read by title.

On motion of Mr. Tinkham, by unanimous consent, the bill of the Senate (S. 214) to change the name of the Lugert-Altus irrigation project in the State of Oklahoma to the W. C. Austin project, was taken from the Speaker's table, considered and read twice, ordered to be read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk notify the Senate thereof.

By unanimous consent, the bill H. R. 197, a similar House bill, was laid on the table.

The Committee of the Whole House on the State of the Union was discharged

from further consideration of the bill (H. R. 1467) to amend the act entitled "An act to punish acts of interference with the foreign relations, the neutrality, and the foreign commerce of the United States, to punish espionage, and better to enforce the criminal laws of the United States, and for other purposes," of June 15, 1917, as amended, and the Alien Registration Act, 1940, to increase the penalties for violation of such acts.

When said bill was considered and read twice.

Mr. SPRINGER submitted the following amendments, which were agreed to:

Page 1, line 4, after "follows:", insert *Strike the word "six" where it appears in section 1 (a) and substitute in lieu thereof the word "seven".*

Page 1, line 4, strike out "Renumber" and insert *renumber*.

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title and passed.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 2083) to codify and enact into positive law, title 17 of the United States Code, entitled "Copyrights."

When said bill was considered and read twice.

The following amendments, recommended by the Committee on the Judiciary, were agreed to:

Page 21, line 19, strike out "June 3" and insert *June 12*.

Page 34, line 6, strike out comma after "Puerto Rico" and "and the courts of first instance of the Philippine Islands".

Page 34, line 18, strike out "bill in equity" and insert *complaint*.

Page 39, line 22, strike out "March 2, 1913" and insert *July 1, 1909*.

Mr. ROBSION submitted the following amendment, which was agreed to:

Page 41, lines 8 and 9, strike out "and not exceeding $1 per annum for the catalogs issued during the year for any one class of subjects".

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title and passed.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

The Committee of the Whole House on the State of the Union was discharged from further consideration of the bill (H. R. 3190) to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure."

When said bill was considered and read twice.

Mr. WALTER submitted the following amendment, which was agreed to:

Page 434, line 11, after "of", strike out "three" and insert *five*,

The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title, and passed.

*Ordered,* That the Clerk request the concurrence of the Senate in said bill.

**BILLS PASSED OVER**

By unanimous consent, bills of the following titles were severally passed over without prejudice and retain their places on the Consent Calendar:

S. 26. An act to make criminally liable persons who negligently allow prisoners in their custody to escape.

S. 321. An act to amend section 17 of the Pay Readjustment Act of 1942, so as to increase the pay of cadets and midshipmen at the service academies, and for other purposes;

H. R. 174. A bill to amend section 26, title 1, chapter 1, of the act entitled "An act making further provision for a civil government for Alaska, and for other purposes," approved June 6, 1900. (31 Stat. 321), as amended by the act of May 31, 1938 (52 Stat. 598).

H. R. 973. A bill to repeal certain provisions authorizing the establishing of priorities in transportation by merchant vessels.

H. R. 966. A bill to amend section 14 of the Veterans' Preference Act of June 27, 1944 (58 Stat. 387).

H. R. 2229. A bill to amend the act of June 25, 1938, relating to the appointment of postmasters under civil service.

H. R. 2758. A bill to amend the Interstate Commerce Act, as amended, so as to provide limitations on the time within which actions may be brought for the recovery of undercharges and overcharges, by or against common carriers by motor vehicle, common carriers by water, and freight forwarders.

H. R. 3214. A bill to revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary."

**BILLS OBJECTED TO**

One objection being made to the consideration of the bill (H. R. 1558) to provide basic authority for the performance of certain functions and activities of the Bureau of Reclamation, said bill was passed over on the Consent Calendar, under the rule.

Three objections being made to the consideration of the joint resolution (H. J. Res. 162) relating to the marketing of Virginia sun-cured tobacco under the Agricultural Adjustment Act of 1938, as amended, said bill was stricken from the Consent Calendar.

Motions severally made to reconsider the votes whereby each bill and joint resolution on the Consent Calendar was disposed of today were, by unanimous consent, severally laid on the table.

**COMMITTEE ON ARMED SERVICES**

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 141):

*Resolved,* That the Committee on Armed Services, acting as a whole or by subcommittee, is authorized and directed to conduct thorough studies and investigations relating to matters coming within the jurisdiction of such committee under rule XI (1) (c) of the Rules of the House of Representatives; and for such purposes the said committee or any subcommittee thereof is authorized to sit and act during the present session of Congress at such times and places, whether the House is in session, has recessed, or has adjourned, to hold such hearings, and to require by subpena or otherwise the attendance and testimony of such witnesses and the production of such books, records, papers, and documents, as it deems necessary. Subpenas may be issued over the signature of the chairman of the committee, or by any member designated by such chairman, and may be served by any person designated, by such chairman or member. The chairman of the committee or any member thereof may administer oaths to witnesses.

The committee shall report to the House of Representatives during the present session of Congress the results of its studies and investigations with such recommendations for legislation or otherwise as the committee deems desirable.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the resolution to its adoption or rejection; and under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agreed to was, by unanimous consent, laid on the table.

**COMMITTEE ON PUBLIC LANDS**

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 93):

*Resolved,* That the Committee on Public Lands (now comprised of the six former Committees on Insular Affairs, Territories, Public Lands, Irrigation and Reclamation, Mines and Mining, and Indian Affairs) may make investigations into any matter within its jurisdiction. For the purpose of making such investigations the committee, or any subcommittee thereof, is authorized to sit and act during the present Congress at such times and places within or outside the United States, whether the House is in session, has recessed, or has adjourned, to hold such hearings, and to require, by subpena or otherwise, the attendance and testimony of such witnesses and the production of such books, records, correspondence, memoranda, papers, and documents, as it deems necessary. Subpenas may be issued under the signature of the chairman of the committee or any member of the committee designated by him, and may be served by any person designated by such chairman or member.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the resolution to its adoption or rejection, and, under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agreed to, was, by unanimous consent, laid on the table.

**COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE**

Mr. ALLEN of Illinois, from the Committee on Rules, called up the following resolution (H. Res. 153):

*Resolved,* That, effective from January 3, 1947, the Committee on Interstate and Foreign Commerce, or any duly authorized subcommittee thereof, is authorized to continue the investigation begun under authority of House Resolution 818 of the Seventy-ninth Congress, and for such purposes shall have the same power and authority as that conferred by such House Resolution 318. The committee may from time to time make such preliminary reports to the House as it deems advisable; and shall, during the present Congress, report to the House the results of its investigation, together with such recommendations as it deems advisable. Any report submitted when the House is not in session shall be filed with the Clerk of the House.

When said resolution was considered. After debate,

On motion of Mr. ALLEN of Illinois, the previous question was ordered on the resolution to its adoption or rejection, and, under the operation thereof, the resolution was agreed to.

A motion to reconsider the vote whereby said resolution was agreed to, was, by unanimous consent, laid on the table.

**ENROLLED BILLS SIGNED**

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills of the House of the following titles, which were thereupon signed by the Speaker:

H. R. 450. An act providing for the conveyance to the town of Marblehead, in the State of Massachusetts, of Marblehead Military Reservation for public use.

H. R. 1096. An act to authorize the segregation and expenditure of trust funds held in joint ownership by the Shoshone and Arapaho Tribes of the Wind River Reservation.

**ENROLLED SENATE JOINT RESOLUTION SIGNED**

The SPEAKER announced his signature to an enrolled joint resolution of the Senate of the following title:

S. J. Res. 102. Joint resolution to permit United States communications carriers to accord free communication privileges to official participants in the world telecommunications conferences to be held in the United States in 1947.

**LEAVE TO ADDRESS THE HOUSE**

On motion of Mr. BENNETT of Missouri, by unanimous consent,

*Ordered,* That on Tuesday, May 13, 1947, after all legislative business of the day, he be permitted to address the House for 30 minutes.

On motion of Mr. FOLGER, by unanimous consent,

*Ordered,* That on Tuesday, May 13, 1947, immediately after the address of Mr. BENNETT of Missouri, he be permitted to address the House for 30 minutes.

On motion of Mr. SMITH of Wisconsin, by unanimous consent,

*Ordered,* That on Monday, May 19, 1947, after all legislative business of the day, he be permitted to address the House for 30 minutes.

And then,

ADJOURNMENT

On motion of Mr. HALLECK, at 3 o'clock and 27 minutes p. m., the House adjourned.

REPORTS OF COMMITTEES ON PUBLIC BILLS AND RESOLUTIONS

Under clause 2 of rule XIII, reports of committees were delivered to the Clerk for printing and reference to the proper calendar, as follows:

Mr. ANDREWS of New York, Committee on Armed Service. H. R. 2276. A bill to authorize the Secretary of War to pay certain expenses incident to training, attendance, and participation of personnel of the Army of the United States in the Seventh Winter Sports Olympic Games and the Fourteenth Olympic Games and for future Olympic games; with amendment (Rept. No. 340). Referred to the Committee of the Whole House on the State of the Union.

Mr. ANDREWS of New York, Committee on Armed Services. H. R. 2126. A bill to authorize the attendance of the Marine Band at the Eighty-first National Encampment of the Grand Army of the Republic to be held in Cleveland, Ohio, August 10 to 14, 1947, without amendment (Rept. No. 347). Referred to the Committee of the Whole House on the State of the Union.

PUBLIC BILLS AND RESOLUTIONS

Under clause 3 of rule XXII, public bills and resolutions were introduced and severally referred as follows:

By Mr. BARRETT:

H. R. 3412. A bill to direct the Secretary of Agriculture to support the price of milk at not less than $3.10 per hundred pounds; to the Committee on Banking and Currency.

H. R. 3414. A bill to amend section 2357 of the Revised Statutes to increase the size of isolated or disconnected tracts or parcels of the public domain which may be sold; and for other purposes; to the Committee on Public Lands.

By Mr. CROSS:

H. R. 3415. A bill to prohibit further shipments to Russia under the Lease-Land Act; to the Committee on Foreign Affairs.

By Mr. SIKES:

H. R. 3416. A bill to provide for the establishment of the Pensacola National Monument; to the Committee on Public Lands.

H. R. 3417. A bill to provide for the conveyance to Escambia County, State of Florida, of a portion of Santa Rosa Island which is under the jurisdiction of the War Department; to the Committee on Armed Services.

By Mr. WILSON of Indiana:

H. R. 3418. A bill to provide that veterans who have at any time suffered from service-connected advanced tuberculosis shall be rated as permanently and totally disabled by the Veterans' Administration; to the Committee on Veterans' Affairs.

By Mr. GEARHART:

H. R. 3419. A bill to make permanent the special survivorship protection provided for veterans under section 210 of the Social Security Act; to the Committee on Ways and Means.

By Mr. LYNCH:

H. R. 3420. A bill to make permanent the special survivorship protection provided for veterans under section 210 of the Social Security Act; to the Committee on Ways and Means.

By Mr. FLANNAGAN:

H. R. 3421. A bill to provide for the establishment of a national soil-fertility policy and program; to authorize the construction of certain fertilizer plants as a part of said program; to provide for the testing and demonstrating of fertilizer produced in such Government and other plants on a Nation-wide scale; to provide for the exploration of fertilizer resources on the public lands, and for other purposes; to the Committee on Agriculture.

By Mr. GEARHART:

H. R. 3422. A bill to amend section 811 (c) of the Internal Revenue Code with respect to the inclusion in the gross estate for purposes of the estate tax of certain transfers taking effect at death; to the Committee on Ways and Means.

By Mr. CUNNINGHAM:

H. R. 3423. A bill to amend title III of the Servicemen's Readjustment Act of 1944 (GI. bill of rights), pertaining to loans for the purchase or construction of homes, farms, and business property, so as to provide more adequate and effective farm-loan benefits; to the Committee on Veterans' Affairs.

By Mr. CHURCH:

H. J. Res. 199. Joint resolution to provide for the issuance of a special postage stamp in commemoration of the one hundred and fiftieth anniversary of the launching of the United States frigate Constitution; to the Committee on Post Office and Civil Service.

H. J. Res. 200. Joint resolution to provide for the observance of the one hundred and fiftieth anniversary of the launching of the United States frigate Constitution; to the Committee on the Judiciary.

By Mr. HOWELL:

H. J. Res. 201. Joint resolution authorizing the President to proclaim the week of June 22 to 28, 1947, as National Air Tour Week; to the Committee on the Judiciary.

By Mr. KING:

H. Res. 208. Resolution to amend rule XI (1) of the Rules of the House of Representatives; to the Committee on Rules.

MEMORIALS

Under clause 3 of rule XXII, memorials were presented and referred as follows:

By the SPEAKER: Memorial of the Legislature of the State of California, memorializing the President and the Congress of the United States relating to establishing September 17 as Constitution Day; to the Committee on the Judiciary.

Also, memorial of the Legislature of the Territory of Hawaii, memorializing the President and the Congress of the United States to take early action on statehood; to the Committee on Public Lands.

Also, memorial of the Legislature of the Territory of Hawaii, memorializing the President and the Congress of the United States to make available as Hawaiian homelands a certain parcel of land situated on the island of Maui, T. H.; to the Committee on Public Lands.

Also, memorial of the Legislature of the State of California, memorializing the President and the Congress of the United States to pass appropriate legislation to enable veterans who obtained guaranteed loans prior to December 28, 1945, to come within provisions of Public Law 268; to the Committee on Veterans' Affairs.

Also, memorial of the Legislature of the State of California, memorializing the President and the Congress of the United States relative to the development of deposits of mineral ores in the United States; to the Committee on Public Lands.

Also, memorial of the Legislature of the State of Illinois, memorializing the President and the Congress of the United States not to approve any legislation unifying or merging the armed forces unless there is contained therein assurance that the Marine Corps will be retained in its present form; to the Committee on Expenditures in the Executive Departments.

Also, memorial of the Legislature of the Territory of Hawaii, memorializing the President and the Congress of the United States to amend the Hawaiian Organic Act by reducing the residence qualification in divorce proceedings from 2 years to 1 year; to the Committee on Public Lands.

Also, memorial of the Legislature of the State of Wisconsin, memorializing the President and the Congress of the United States protesting the order of the

Secretary of War inactivating the United States' Army post at Camp McCoy, and requesting that steps be taken to prevent such order from taking effect; to the Committee on Armed Services.

### PRIVATE BILLS AND RESOLUTIONS

Under clause 1 of rule XXII, private bills and resolutions were introduced and severally referred as follows:

By Mr. EBERHARTER:

H. R. 3424. A bill for the relief of Mrs. Mitsu Yajima; to the Committee on the Judiciary.

By Mr. EVINS:

H. R. 3425. A bill for the relief of the Lebanon Woolen Mills, Inc.; to the Committee on the Judiciary.

H. R. 3426. A bill for the relief of Mr. and Mrs. Lem Motlow; to the Committee on the Judiciary.

H. R. 3427. A bill for the relief of Mrs. Mary H. Overall and Thomas I. Baker; to the Committee on the Judiciary.

By Mr. FOGARTY:

H. R. 3428. A bill granting an annuity to Emma June Wilbur; to the Committee on the Judiciary.

### PETITIONS, ETC.

Under clause 1 of rule XXII, petitions and papers were laid on the Clerk's desk and referred as follows:

488. By Mr. BRADLEY of California: Petition of Mrs. C. D. Rasmussen, of Long Beach, Calif, and 226 other residents of the Eighteenth Congressional District of California, urging favorable consideration and support of S. 265, a bill to prevent the interstate transmission of advertising of all alcoholic beverages and the broadcasting of all such advertising by means of radio; to the Committee on Interstate and Foreign Commerce.

489. By Mr. BRAMBLETT: Petition of Elmer J. Grain, Monterey, Calif., and others, regarding immediate cashing of veterans' terminal-leave bonds; to the Committee on Veterans' Affairs.

490. By Mr. HOLMES: Petitions of residents of Walla Walla, Wash., urging passage of S. 265, a bill to prohibit transportation of alcoholic-beverage advertising and broadcasting alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

491. By Mr. LEWIS: Petition of 94 residents of Cadiz and surrounding communities, in support of S. 265, a bill to prohibit the transportation of alcoholic-beverage advertising in interstate commerce and broadcasting of alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

492. By Mr. McGREGOR: Petition of citizens of Mount Vernon, Ohio, Knox County, in behalf of passage of S. 265, a bill to prohibit the transportation of alcoholic-beverage advertising in interstate commerce and the broadcasting of alcoholic-beverage advertising over the radio; to the Committee on Interstate and Foreign Commerce.

493. By Mr. COTTON: Petition of the executive committee of the New Hampshire Bar Association, urging Congress to endorse H. R. 1638; to the Committee on Education and Labor.

494. By Mr. SMITH of Wisconsin: Resolution of May 8, 1947, by Kenosha Jewish Welfare Fund, Kenosha, Wis., calling upon the United States Government to take the initiative during the special meeting of the General Assembly of the United Nations in championing the program for Palestine, to insist that the Jewish people be accorded full representation in all deliberations regarding Palestine within the United Nations through the Jewish agency, and to bring weight to bear on the mandatory government to the end that an interim policy based upon the existing mandate be set in motion at once providing for immediate large-scale Jewish immigration into Palestine and the removal of discriminatory land restrictions in the Jewish national home; to the Committee on Foreign Affairs.

495. By Mr. WELCH: California State Senate Resolution No. 17, relative to the development of deposits of mineral ores in the United States; to the Committee on Public Lands.

496. Also, California State Senate Resolution No. 5, memorializing and petitioning the President and Congress of the United States to pass appropriate legislation to enable veterans who obtained guaranteed loans prior to December 28, 1945, to come within provisions of Public Law 268; to the Committee on Veterans' Affairs.

497. By the SPEAKER: Petition of officers and members of the Townsend conference from the Eighth District of the State of Massachusetts, petitioning consideration of their resolution with reference to endorsement of the Townsend plan, H. R. 16; to the Committee on Ways and Means.

498. Also, petition of members of Townsend Club, No. 2, Boston, Mass, petitioning consideration of their resolution with reference to endorsement of the Townsend plan; to the Committee on Ways and Means.

499. Also, petition of Donald F. Dooley, Janesville, Wis., and others, petitioning consideration of their resolution with reference to request for an impartial investigation of the Allis-Chalmers Manufacturing Co.'s behavior in an 11-month strike; to the Committee on Education and Labor.

## TUESDAY, MAY 13, 1947

The House was called to order by the Speaker.

The Journal of the proceedings of Monday, May 12, 1947, was read and approved.

### COMMUNICATION

Executive and other communications, pursuant to clause 2, rule XXIV, were referred as follows:

675. A letter from the Director, Administrative Office of the United States Courts, transmitting a draft of a proposed bill to provide for the appointment of an additional circuit judge for the seventh judicial circuit; to the Committee on the Judiciary.

676. A letter from the Under Secretary of Agriculture, transmitting a report on the cooperation of the United States with Mexico in the control and eradication of foot-and-mouth disease; to the Committee on Agriculture.

677. A communication from the President of the United States, transmitting a revised estimate of appropriation for the fiscal year 1948 involving an increase of $8,650,000 for the Navy Department (H. Doc. No. 246); to the Committee on Appropriations and ordered to be printed.

### CALENDAR WEDNESDAY BUSINESS DISPENSED WITH

On motion of Mr. HALLECK, by unanimous consent,

Ordered, That business in order for consideration on Wednesday, May 14, 1947, under clause 7, rule XXIV, the Calendar Wednesday rule, be dispensed with.

### COMMITTEES GRANTED LEAVE TO SIT

By unanimous consent, committees were granted leave to sit during general debate in the House, as follows:

Committee on Interstate and Foreign Commerce, for today;

Committee on Banking and Currency, for today; and

Subcommittee No. 3 of the Committee on Merchant Marine and Fisheries, tomorrow.

### BILLS PRESENTED TO THE PRESIDENT

Mr. LeCOMPTE, from the Committee of House Administration, reported that that committee did on May 12, 1947, present to the President, for his approval, bills of the House of the following titles:

H. R. 450. An act providing for the conveyance to the town of Marblehead, in the State of Massachusetts, of Marblehead Military Reservation, for public use.

H. R. 1098. An act to authorize the segregation and expenditure of trust funds held in joint ownership by the Shoshone and Arapaho Tribes of the Wind River Reservation.

### STATE, JUSTICE, AND COMMERCE, AND JUDICIARY APPROPRIATION BILL, 1948

Mr. STEFAN moved that the House resolve itself into the Committee of the Whole House on the State of the Union for the consideration of the bill (H. R. 3311) making appropriations for the Departments of State, Justice, and Commerce, and the Judiciary, for the fiscal year ending June 30, 1948, and for other purposes.

Pending which,

On motion of Mr. STEFAN, by unanimous consent,

Ordered, That the time for general debate run on today, be equally divided

CERTIFICATE OF INTERESTED PARTIES ON RELATED CASES

PATE : 18-cv-840

    1) President Trump
    2) AG Jeff Sessions
    3) Judge Amos L. Mazzant, III
    4) Warden Walter Wood, FPC Maxwell

WEBB : 18-cv-841

    1) President Trump
    2) AG Jeff Sessions
    3) Judge Claude Hilton
    4) Warden Walter Wood, FPC Maxwell

BOWMAN : 18-cv-866

    1) President Trump
    2) AG Jeff Sessions
    3) Judge Leigh Martin May
    4) Warden Walter Wood, FPC Maxwell

FUSCO : 18-cv-839

    1) President Trump
    2) AG Jeff Sessions
    3) Judge Cecilia Altonaga
    40 Warden Walter Wood, FPC Maxwell

UNDERLYING CRIMINAL CAUSE NO"S AS REQUESTED FOR PETITIONER PATE

4:14-CR-00125-ALM Eastern District of Texas

15-41484 5th Circuit CA

16-40481 5th Circuit CA

17-40510 5th Circuit CA

KEVIN FUSCO
FUSCO FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

