```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                   Case No. 17-20275-Cr-UNGARO

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
          -v-                  )
                               )
KEVIN C. FUSCO,                )
                               ) Miami, Florida
              Defendant.       ) August 3, 2017
------------------------------) 1:18 p.m.
```

Pages 1-14

TRANSCRIPT OF PLEA COLLOQUY

BEFORE THE HONORABLE URSULA UNGARO

U.S. DISTRICT JUDGE

APPEARANCES:

```
For the Government        FRANCISCO R. MADERAL, JR.
                          Assistant U.S. Attorney
                          99 Northeast 4th Street
                          Miami, Florida  33132-2111


For the Defendant         IAN McDONALD
                          Assistant Federal Public Defender
                          150 West Flagler Street
                          Miami, Florida  33130



REPORTED BY:              WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558            Official Court Reporter
                          400 North Miami Avenue
                          Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1                    (Call to order of the Court)

 2            THE COURT:  So now the next matter is the United

 3   States versus Kevin Fusco, 17-20275-Criminal.

 4            Who's here for the United States?

 5            MR. MADERAL:  Good afternoon, Your Honor.  Frank

 6   Maderal on behalf of the United States.

 7            THE COURT:  Hello.

 8            And who's here for Mr. Fusco?

 9            MR. McDONALD:  Good afternoon, Your Honor.  Ian

10   McDonald here on behalf of Mr. Fusco, who is present before

11   the Court today.

12            THE COURT:  Okay.  And he's here to plead guilty to

13   Counts 1 and 2 of the indictment, correct?

14            MR. McDONALD:  That's correct, Your Honor.

15            THE COURT:  And Mr. Maderal, are you going to be

16   asking that the defendant be taken into custody?

17            MR. MADERAL:  No, Your Honor.

18            THE COURT:  Okay.  And the money laundering issues

19   are resolved in the plea agreement, are they -- I mean the

20   forfeiture?

21            MR. MADERAL:  Yes.  There's an agreement for a

22   $100,000 money judgment.

23            THE COURT:  All right.  Fine.  Let's swear the

24   defendant in, please.

25            THE COURTROOM DEPUTY:  Stand up and raise your right
```

1    hand.

2        KEVIN FUSCO, DEFENDANT, SWORN

3            THE COURTROOM DEPUTY:  Have a seat, please.  Pull the

4    microphone in front of you.  State your name and age.

5            THE DEFENDANT:  Kevin Fusco, 29.

6            THE COURT:  So, Mr. Fusco, you've been placed under

7    oath and I'm going to ask you some questions, and it's

8    important that you understand that if you answer my questions

9    falsely, you could later be prosecuted for perjury or for

10   making a false statement.

11           Do you understand that?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  How far did you go in school?

14           THE DEFENDANT:  Undergraduate degree 2010, Master's

15   degree in progress.

16           THE COURT:  And have you ever been treated for a

17   mental illness or for an addiction to narcotics or alcohol?

18           THE DEFENDANT:  No, Your Honor.

19           THE COURT:  And are you currently under the influence

20   of any drugs, alcohol or medication?

21           THE DEFENDANT:  No, I am not.

22           THE COURT:  Now, have you received a copy of the

23   indictment -- that's the document with the written charges

24   against you in it -- and have you had a full opportunity to

25   discuss the charges and your case in general, including any

1  defenses that you might have, with your attorney,

2  Mr. McDonald?

3           THE DEFENDANT:  Yes, I have.

4           THE COURT:  And are you fully satisfied with the

5  counsel, representation and advice that you've received from

6  Mr. McDonald in your case?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Now, I have in front of me the written

9  plea agreement that you've entered into or it appears you've

10  entered into with the United States.

11           Did you sign the plea agreement?

12           THE DEFENDANT:  Yes, I did.

13           THE COURT:  And before you signed the plea agreement,

14  did you have a full opportunity to review it and to discuss it

15  with Mr. McDonald?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  And do you understand each and every term

18  of the plea agreement?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Okay.  So, then, in the interest of time

21  I'm not going to go over every term of the plea agreement with

22  you, but I do want to go over some of the more important

23  terms.

24           So under the plea agreement you've agreed to plead

25  guilty to both counts of the indictment.

1          Count 1 charges you with conspiracy distribute

2    methamphetamine --

3          Right?  Is that what it is?

4          MR. McDONALD:  MDMA, Your Honor.

5          THE COURT:  -- MDMA, in violation of Title 21, United

6    States Code, Sections 841(a)(1) and 841(b)(1)(C); and

7    conspiracy to commit money laundering, in violation of Title

8    18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i).

9          The agreement then says that you understand that your

10   sentence will be imposed after I have the opportunity to

11   consider a presentence report prepared by the probation office

12   and the advisory Federal Sentencing Guidelines as they apply

13   to your case.

14         The agreement also says that by pleading guilty you

15   are agreeing that I have the jurisdiction and the authority to

16   impose any sentence up to the maximum permitted by law.

17         The agreement then says in paragraph 7 that at

18   sentencing the United States will recommend that I reduce by

19   at least two levels, and possibly three levels, the Sentencing

20   Guideline level applicable to the offenses to which you're

21   pleading guilty based upon such considerations as your timely

22   recognition and affirmative acceptance of personal

23   responsibility, provided you make full, accurate and complete

24   disclosure to the probation office of the circumstances

25   surrounding your relevant criminal conduct in connection with

1    its preparation of the presentence report; provided you

2    haven't misrepresented anything to the Government prior to

3    entering into the plea agreement; and provided you don't

4    commit any misconduct after entering into the plea agreement.

5         The agreement also contains in paragraph 9 an

6    understanding that you've reached with the U.S. Attorney's

7    Office as to how your sentence is to be computed under the

8    Sentencing Guidelines.  Those understandings are not binding

9    on me or on the probation office.

10        But, in any event, what you and the United States

11   have agreed as to Count 1 is that the base offense level would

12   be a 24 based on 492 grams of MDMA; that there should be a

13   two-level enhancement based on your use of an interactive

14   computer service; that you are entitled to safety valve

15   reductions; and that the adjusted offense level would be a 24.

16        And as to Count 2, the base offense level would be a

17   24 based on your underlying drug trafficking conviction; that

18   there should be a two-level enhancement based upon your money

19   laundering conviction; and that the adjusted offense level

20   would be a 26.

21        And then the understanding you have with the U.S.

22   Attorney's Office further is that the two offenses should be

23   grouped and that the combined offense level would be a 26.

24        Of course, that doesn't take into consideration

25   acceptance of responsibility, right?

1          MR. MADERAL:  That's correct.

2          THE COURT:  Then the agreement also says that you're

3    agreeing to forfeit voluntarily and immediately any assets

4    which are forfeitable on account of your criminal conduct,

5    including $100,000 in U.S. currency, and in that regard you've

6    agreed to entry of an order of forfeiture in the amount of

7    $100,000.

8          You've also agreed to assist the United States

9    Attorney's Office in connection with forfeiture proceedings by

10   identifying assets, executing documents and waiving any claims

11   or defenses that you have to forfeiture, whether they arise

12   under the Constitution or other laws, and also waiving your

13   right to notice of any forfeiture proceedings.

14         The agreement also contains a partial waiver of your

15   appeal rights.  Under the agreement you're giving up your

16   right to appeal any sentence imposed or to appeal the manner

17   in which the sentence was imposed unless the sentence exceeds

18   the maximum permitted by law or is the result of an upward

19   departure or upward variance from the advisory guideline range

20   that the Court establishes at your sentencing.

21         However, under the agreement you can appeal on any

22   basis if the United States appeals your sentence.

23         Also, the agreement states that by signing it you

24   acknowledge that you've discussed the appeal waiver set forth

25   in the agreement with your attorney.

1     Now, is there anything about those terms and

2  conditions or any other term and condition of the plea

3  agreement that you do not understand?

4     THE DEFENDANT:  No, Your Honor.

5     THE COURT:  And has anybody offered you anything,

6  promised you anything or assured you of anything other than

7  what's in the plea agreement in order to induce you to enter a

8  plea of guilty to the charges?

9     THE DEFENDANT:  No.

10    THE COURT:  And has anybody threatened you, coerced

11 you or forced you in any way to enter a plea of guilty to the

12 charges?

13    THE DEFENDANT:  No.

14    THE COURT:  And do you understand that the offenses

15 to which you are pleading guilty are felonies, and that if

16 your plea is accepted by the Court you will be adjudged guilty

17 of felonies, and as a result you will lose valuable civil

18 rights, such as the right to possess a firearm, the right to

19 vote, the right to hold public office and the right to serve

20 on a jury; and if you are not a United States citizen you

21 could be deported or removed from the United States?

22    THE DEFENDANT:  Yes, Your Honor.

23    THE COURT:  All right.  Now, the maximum possible

24 penalty provided by law for the offense to which you're

25 pleading guilty to in Count 1 is 20 years in prison, and as to

1    Count 2 also 20 years in prison, which could be imposed

2    concurrently or consecutively.  So, arguably, the maximum

3    total sentence is 40 years.

4         Any term of imprisonment will have to be followed by

5    a term of supervised release which could be as long as life

6    and would have to be at least five years.  The Court could

7    impose a fine of up to $5 million on Count 1.

8         Are you sure that's right?

9         MR. MADERAL:  I think that is right under Title 21,

10   Your Honor.

11        THE COURT:  Okay.  Up to $5 million on Count 1 and

12   $250,000 on Count 2, for a total of $5,250,000.  And the Court

13   will be imposing an assessment of $100 on each count, for a

14   total of $200, against you.

15        Do you understand that those are the maximum

16   consequences that could result from your entering a plea of

17   guilty to the charges in this case?

18        THE DEFENDANT:  Yes, I understand.

19        THE COURT:  Now, have you and Mr. McDonald talked

20   about how the advisory Federal Sentencing Commission

21   Guidelines might apply in your case?

22        THE DEFENDANT:  Yes, Your Honor.

23        THE COURT:  And do you understand that I will not be

24   able to determine the guideline sentence for your case until

25   after the presentence report has been prepared by the

1    probation office, and you and the Government have had the

2    opportunity to challenge the facts reported by the probation

3    office and the application of the guidelines recommended by

4    the probation office?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And do you understand that the sentence

7    ultimately imposed could be different from any estimate that

8    Mr. McDonald or anyone else may have given you, and that if

9    your sentence is more severe than you expect, you will still

10   be bound by your guilty plea and you will not be able to

11   withdraw it?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  And do you understand that I have the

14   authority in some circumstances to impose a sentence that is

15   more severe or less severe than the sentence called for by the

16   guidelines?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And do you understand that parole has

19   been abolished and that if you are sentenced to prison you

20   will not be released early on parole?

21             THE DEFENDANT:  Yes.

22             THE COURT:  All right.  Now, the law requires that we

23   go over the rights you would have had had you gone to trial to

24   make sure you understand those rights and that you're

25   voluntarily giving them up.

1   Do you understand you have the right to plead not

2   guilty to any charge against you and to persist in that plea

3   and that then you would have the right to a trial by jury?

4   THE DEFENDANT:  Yes, Your Honor.

5   THE COURT:  And do you understand that at such a

6   trial you would be presumed to be innocent and the United

7   States would be required to prove your guilt beyond a

8   reasonable doubt?

9   THE DEFENDANT:  Yes, I do.

10   THE COURT:  And do you also understand that at such a

11   trial you would have the right to the assistance of counsel

12   for your defense; you would have the right to see and hear all

13   of the witnesses and have them cross-examined on your behalf;

14   you would have the right on your own part not to testify

15   unless you voluntarily elected to do so in your own defense;

16   and you would have the right to the issuance of subpoenas or

17   compulsory process to compel the attendance of witnesses to

18   testify on your behalf?

19   THE DEFENDANT:  Yes, Your Honor.

20   THE COURT:  And do you further understand that by

21   entering a plea of guilty to the charges, you are giving up

22   your right to a trial as well as those other rights associated

23   with a trial that I've just described to you?

24   THE DEFENDANT:  Yes, I understand.

25   THE COURT:  All right.  Now, I have in front of me a

1  document called a Factual Proffer in which Mr. Maderal has set

2  forth the facts that he says that he would be able to prove

3  beyond a reasonable doubt in order to obtain a conviction

4  against you on the charges.  It looks like you signed the

5  proffer.

6          Did you do that?

7          THE DEFENDANT:  Yes, I signed the proffer.

8          THE COURT:  And before you signed the proffer, did

9  you have a full opportunity to review it and to discuss it

10 with Mr. McDonald?

11          THE DEFENDANT:  Yes, I did.

12          THE COURT:  And do you agree with each and every fact

13 contained in the proffer and is that why you signed it?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And now, how do you plead to the

16 charges:  Guilty or not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  Then it's the finding of the Court in the

19 case of the United States versus Kevin Fusco in case number

20 17-20275-Criminal that the defendant is fully competent and

21 capable of entering an informed plea; that the defendant is

22 aware of the nature of the charges and the consequences of his

23 plea; that his plea of guilty is a knowing and voluntary plea

24 supported by an independent basis in fact containing each of

25 the essential elements of the offenses.  His plea is therefore

```
 1   accepted and the defendant is now adjudged guilty of Counts 1
 2   and 2 of the indictment.
 3            So sentencing is scheduled for October 26, 2017, at
 4   11:00 a.m.
 5            Now, you need to keep in mind that between now and
 6   the time of sentencing the probation office is going to be
 7   preparing the presentence report for my consideration at
 8   sentencing.  In order to prepare the report the probation
 9   office will need information from you.  You always have the
10   right to have Mr. McDonald present when providing information
11   to the probation office.
12            Also, you and Mr. McDonald will have an opportunity
13   to review the presentence report in advance of the sentencing
14   hearing and to file written objections to anything you
15   disagree with; and at the sentencing hearing Mr. McDonald will
16   have an opportunity to speak on your behalf and you will have
17   an opportunity to speak, if you wish to do so.
18            Now, Mr. Fusco is going remain on bond pending
19   sentencing?
20            MR. MADERAL:  Yes.  That's the recommendation.  He's
21   made every court appearance.  He's voluntarily traveled down.
22   He could debrief one day.  So we're okay with that if Your
23   Honor is.
24            THE COURT:  All right.  So, what that means,
25   Mr. Fusco, is that between now and your sentencing you have to
```

1  comply with all the terms and conditions of your release.  If

2  you fail sod so you could be incarcerated early without

3  notice.

4       Also, if you fail to appear for your sentencing on

5  the date and at the time scheduled, that is a separate federal

6  offense for which you could be separately prosecuted and

7  consecutively sentenced.

8       Anything else for the Court on this matter at this

9  time?

10      MR. MADERAL:  Nothing from the Government, Your

11  Honor.

12      MR. McDONALD:  No.  Thank you very much, Your Honor.

13      THE COURT:  Okay.  Thank you.

14  *     *     *     *     *     *     *     *     *     *

15                  C E R T I F I C A T E

16

17      I certify that the foregoing is a correct transcript

18  from the record of proceedings in the above-entitled matter.

19

20

21

22

23

24

25