UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cr-20275-UU

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN C. FUSCO,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon the Movant's *pro se* Motion to Recuse (D.E. 46) (the "Motion").

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

Movant contends that I should be disqualified from the case for bias and prejudice pursuant to 28 U.S.C. § 455(b)(1), which provides that any judge of the United States shall disqualify herself where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In support of his claim, Movant alleges only that I have "personal knowledge of disputed evidentiary facts concerning the proceeding" in that the "Indictment and PSR evidentiary facts on record prove Defendant's argument as to lack of Government's 'standing'." Mot. ¶ 2.

It is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances

1

evidence the degree of favoritism or antagonism required [] when no extrajudicial source is involved."). The same holds true for opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current or prior proceedings, unless the opinions show "deep-seated favoritism and antagonism that would make fair judgment impossible." *Id.* Mere friction between the Court's rulings and a litigant's arguments or otherwise do not amount to the pervasive bias sought to be prevented by 28 U.S.C. § 455. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Furthermore, "[a] charge of partiality must be supported by some factual basis" and "[r]ecusal cannot be based on unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quotation omitted).

      Here, no basis for disqualification exists. Movant does not argue that the alleged bias and prejudice results from an extrajudicial source—that is, a source outside judicial proceedings; rather, Movant's request for recusal is based upon rulings made in this case. Because judicial rulings, without more, are not a basis upon which Movant may seek disqualification and Movant fails to support his claims of bias, prejudice, and partiality with any other factual basis, the Court finds that Movant's arguments for recusal are without merit.

      ORDERED AND ADJUDGED that the Motion (D.E. 46) is DENIED.

      DONE AND ORDERED in Chambers, Miami, Florida, this _19th_ day of December, 2018.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Kevin Fusco, *pro se*
Counsel of record via CM/ECF